IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY GENE GETTLING,

        Petitioner,

    v.

BRIAN BELLEQUE, Oregon State
Penitentiary Superintendent,

        Respondent.

Civil No. 6:11-cv-01176-AC

FINDINGS AND RECOMMENDATION

TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#17) should be DENIED.

## BACKGROUND

On July 22, 2003, a Jackson County grand jury indicted Petitioner on charges of Kidnaping in the First Degree, Robbery in the First Degree, Unauthorized Use of a Motor Vehicle ("UUMV"), and two counts of Assault in the Second Degree. On January 29, 2004, Petitioner entered a "no contest" plea to the kidnaping, robbery, and assault charges. The state moved to dismiss the UUMV charge. The parties did not make specific sentencing recommendations, but the Petition to Enter Plea of No Contest informed Petitioner that the maximum term of imprisonment was 60 years. Resp. Exh. 103, p. 1. At the change of plea hearing, the trial judge, after conducting a colloquy with Petitioner, accepted Petitioner's "no contest" plea and set the matter over for sentencing. Resp. Exh. 104, p. 5.

On February 26, 2004, the trial judge conducted a sentencing hearing. Resp. Exh. 105. The prosecutor asked the court to impose consecutive sentences, while Petitioner's trial attorney advocated for concurrent sentences. The trial judge ultimately imposed consecutive sentences totaling 250 months of imprisonment, followed by a term of post-prison supervision. Resp. Exh. 101.

2 - FINDINGS AND RECOMMENDATION -

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Gettling*, 204 Or. App. 779, 132 P.3d 62, *rev. denied*, 341 Or. 367, 143 P.3d 240 (2006).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Gettling v. Belleque*, 241 Or. App. 723, 250 P.3d 992, *rev. denied*, 350 Or. 573, 258 P.3d 1239 (2011).

On September 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. The Court appointed counsel to represent Petitioner, and currently before the Court is Petitioner's Second Amended Petition for Writ of Habeas Corpus. Petitioner alleges the following claims for relief:

**Ground One:** The trial court erred in finding that [Petitioner's] conviction for assault 2 could be sentenced consecutively under ORS 134.123(5)(a).
**Supporting Facts:** A defendant has the right to have any fact that the law makes essential to the punishment proven beyond a reasonable doubt. A sentencing court cannot impose a sentence greater than that authorized by the facts either (1) found by the jury beyond a reasonable doubt or (2) admitted by the defendant. The state's imposition of consecutive sentences violates defendant's constitutional rights.

**Ground Two:** The trial court erred by imposing consecutive sentences for multiple crimes that were committed during a single course of conduct.
**Supporting Facts:** Where multiple crimes arise from one continuous course of conduct and involve one victim the statute provides that consecutive sentences can be imposed if the lesser crime was not merely incidental to the commission of the more serious crime, but indicated a willingness to commit more than one criminal offense.

**Ground Three:** Trial counsel failed to challenge petitioner's criminal history score. Petitioner's criminal history score should have been listed as a "G" not an "A".
**Supporting Facts:** The trial court is obligated to sentence petitioner to the individual terms he received on each separate conviction. Had the trial court been aware that petitioner's criminal history was significantly lower than what was

reported, there is a reasonable possibility that it would have chosen to impose some or all of the petitioner's time concurrently.

**Ground Four:**  Trial counsel failed to object to a different judge during the sentencing phase.

**Supporting Facts:** Switching judges at the sentencing phase prejudices petitioner because this judge was not present during the entire trial stage. Petitioner has no idea what information the sentencing judge enlightened himself with. It is obvious this judge did not notice the fact that petitioner's criminal history score was incorrect.

**Ground Five:** Petitioner was denied his Fourteenth Amendment Due Process right when the trial court sentenced him to consecutive sentences upon insufficient evidence. The assault charges required no further intent than was required for the kidnaping or the robbery charges and therefore, the requisite evidence to find additional intent to commit a different crime or inflict a different harm was not present. The crimes were not equally serious nor comprised of distinct actions or objectives. There was insufficient evidence to find Petitioner's purpose and actions were distinct. The indictment's allegations do not provide evidence to support consecutive sentences. The kidnaping and robbery crimes were merely incidental to the other and to the assaults.

**Ground Six:** Petitioner was denied his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel in that trial counsel:

a.      Failed to raise adequate legal objection to the imposition of consecutive sentences;

b.      Failed to adequately explain and ensure that Petitioner understood the consequences of waiving his right to jury trial, by, *inter alia* explicitly advising him that he could not plead guilty [sic] to the assault count and submit the robbery and kidnaping counts to a jury and by explicitly or implicitly advising petitioner that the state had sufficient evidence to convict him of the kidnaping count;

c.      Failed to consult with Petitioner for purposes of discussing the potential for the imposition of consecutive sentences;

d.      Failed to object to trial court's denial of Petitioner's request to enter mitigating evidence at the time of sentencing;

e.      Failed to pursue plea negotiations prior to Petitioner's entry of an *Alford* plea; and

**Ground Seven:** Petitioner was denied his Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel in that appellate counsel failed to consult with Petitioner about the issues relating to his direct appeal.

**Ground Eight:** Petitioner was denied effective assistance of trial and appellate counsel when they failed to challenge the sufficiency of the state's evidence presented at the *Alford* plea on the kidnaping charge.

**Charge Nine:** Petitioner is actually innocent of his conviction and sentence on the kidnaping charge. The state presented insufficient evidence of the crime and justification for the sentence and the rules of *State v. Garcia*, 288 Or. 413 (1980) and *State v. Wolleat*, 338 Or. 469 (2005) should have been applied to vacate the judgment or sentence on appeal or in the post conviction proceedings.

Respondent argues Petitioner procedurally defaulted the claims alleged in Grounds Two, Four, Five, Six, Seven, and Eight, and that Petitioner is not entitled to relief on the merits of the claims alleged in Grounds One and Three. Finally, to the extent Petitioner attempts to assert a free-standing claim of "actual innocence," in Ground Nine, Respondent contends the claim fails for numerous reasons.

Petitioner does not present argument on all of the claims in his Brief in Support of Petition for Writ of Habeas Corpus. Instead, Petitioner argues he is actually innocent of the kidnaping charge, that trial counsel provided ineffective assistance by advising Petitioner to enter a no contest plea because he was not guilty of kidnaping, and that any procedural default is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). With respect to the remaining claims, Petitioner specifies he will not further brief them, but "reserves the right to brief [them] and seeks leave to do so if this Court declines to grant relief on the claims addressed herein."

## DISCUSSION

### I.    Procedural Default

#### A.    Legal Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his federal claim to the appropriate state courts at all appellate stages afforded under state law, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915–16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If a state prisoner procedurally defaults on a claim in state court, a federal court will not review the claim unless the state prisoner shows cause for the procedural default and actual prejudice from it, or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

#### B.    Trial Error Claims

In Ground Two, Petitioner contends the trial court erred by imposing consecutive sentences for multiple crimes that were committed during a single course of conduct. In Ground Five,

Petitioner alleges the trial court violated his due process rights by sentencing Petitioner to consecutive sentences upon insufficient evidence.

In his direct appeal, Petitioner asserted as a claim of error that the trial court violated Or. Rev. Stat. § 187.124(5)(a) by imposing consecutive sentences because Petitioner's conduct in committing the various offenses did not indicate a "willingness" to commit more than one criminal offense.[1] Resp. Exh. 106, p. 7. Petitioner limited his argument on direct appeal to an error of state law; he did not at any point contend the trial court's violation of the state statute amounted to violation of Petitioner's federal constitutional rights.

Petitioner cannot now raise his federal due process challenge to the consecutive sentences in state court. *See Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (in Oregon, claims of trial error must raised on direct appeal); Or. Rev. Stat. § 138.071 (direct appeals must be filed not later than 30 days after the judgment or order appealed from was entered in the register). Accordingly, Petitioner procedurally defaulted the trial error claims alleged in Grounds Two and Five.

## C.    Ineffective Assistance of Counsel Claims

In Grounds Four, Six, Seven, and Eight, Petitioner alleges various claims of ineffective assistance of trial and appellate counsel. With the exception of the claim alleged in Ground Eight that trial and appellate counsel were ineffective for failing to challenge the sufficiency of the state's evidence on the kidnaping charge, the remaining claims were alleged in Petitioner's state PCR petition. However, on appeal from the PCR trial court's denial of relief, Petitioner advanced only

---

[1]For his second assignment of error on direct appeal, Petitioner asserted a claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2536 (2004), which is discussed below in connection with the claim alleged in Ground One of Petitioner's Second Amended Petition.

7 - FINDINGS AND RECOMMENDATION -

one claim of error: that trial counsel provided ineffective assistance when he failed to object to the calculation of Petitioner's criminal history score at sentencing.

Again, Petitioner cannot now fairly present his remaining ineffective assistance claims to the highest Oregon court. The claim alleged in Ground Eight was not fairly presented to the PCR trial court, and the remaining claims were not asserted on appeal. *See Bowen v. Johnson*, 166 Or. App. 89, 92 (2000) (any grounds not asserted in the PCR petition are deemed waived); Or. Rev. Stat. § 138.650(1) (notice of appeal in PCR proceeding must be filed no later than 30 days after the judgment or order appealed from was entered). Accordingly, with the exception of his claim that trial counsel provided constitutionally ineffective assistance of counsel by failing to object to the calculation of Petitioner's criminal history score, all of Petitioner's remaining ineffective assistance of trial and appellate counsel claims are procedurally defaulted.

## II.    Excuse for Procedural Default

### A.    Actual Innocence

In Ground Nine, Petitioner alleges he is actually innocent of the crime of kidnaping. Petitioner apparently asserts this both as a reason to excuse the procedural default of the claims addressed above, and as a "freestanding" claim of innocence.

The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Under this exception, a habeas petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at

316 & n. 32. "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id.* at 316.

To be credible, a claim of actual innocence must be supported with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. The "new" evidence need not be newly available, just newly presented -- that is, evidence that was not presented at trial due to unavailability or exclusion." *Sistrunk v. Armenakis*, 292 F.3d 669, 673 n. 4 (9th Cir. 2002) (en banc), *cert. denied*, 537 U.S. 1113 (2003).

The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Schlup* at 513 U.S. at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329; *see Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [petitioner] guilty"), *cert. denied*, 535 U.S. 950 (2002). In making this determination, this Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial. *Schlup*, 513 U.S. at 332.

Petitioner does not present any new *factual* evidence in support of his argument that he is actually innocent of the crime of kidnaping. Instead, he argues that a change in the law of

kidnaping that post-dates his conviction, announced by the Oregon Supreme Court in *State v. Wolleat*, 308 Or. 469,  111 P.3d 1131 (2005) , renders him innocent.

Even in the absence of new factual evidence, a petitioner may be "actually innocent" for the purposes of excusing procedural default when he was convicted for conduct not prohibited by law. *Bousley v. United States*, 523 U.S. 614, 624 (1998); *United States v. Avery*, 719 F.3d 1080, 1085 (2013); *Spencer v. Hill*, 2003 WL 25279367, at *1 (D. Or., Dec. 30, 2003). "A change in the law may render innocent someone who was convicted for conduct that was previously illegal." *Sabbath v. Uribe*, 2013 WL 5491947, at *7 (C.D. Cal., Sept. 30, 2013) (citing *Bousley,* 523 U.S. at 617, 624); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). [2]

Oregon law provides, in relevant part, that a person commits the crime of kidnaping in the first degree if, with the intent to interfere substantially with another's personal liberty, and without consent or legal authority, he takes a person from one place to another or secretly confines the person in a place where he is not likely to be found, with the purpose to cause physical injury to the victim.  Or. Rev. Stat. §§ 163.225 and 163.235(1)(c).

In *State v. Wolleat*, the Oregon Supreme Court reviewed the Oregon kidnaping statute, legislative history, and prior case law to draw the following conclusions:  (1) "the legislature 'intended that there be no conviction of the defendant for the separate crime of kidnaping where the detention or asportation of the victim is merely incidental to the accomplishment of another crime'" (quoting *State v. Garcia*, 288 Or. at 420); (2) "the liberty interest that the statute protects

---

[2]Respondent argues this Court should decline to apply *Bousley* and *Alaimalo* to excuse defaults in a § 2254 petition.  For the purposes of Petitioner's situation, the Court assumes without deciding that a § 2254 petitioner may establish actual innocence for the purposes of excusing procedural default when he is convicted for conduct not prohibited by law.

from interference is the interest in freedom of movement and . . . in order for the interference to be substantial, a defendant must intend either to move the victim a substantial distance or to confine the victim for a substantial period of time"; and (3) "moving a victim from one room to another while committing another crime does not constitute moving the victim a substantial distance." *Wolleat*, 338 Or. at 474–75, 478 (some internal quotations omitted). The defendant in *Wolleat* entered the victim's bedroom, pulled the victim by her hair out of bed and into the living room, approximately 15 to 20 feet away, and repeatedly struck her there until the victim broke free and the defendant fled the scene. *Id.* at 471. The court held this evidence was insufficient to convict the defendant of Kidnaping. *Id.* at 478–79.

Two other cases provide insight into a kidnaping analysis under Oregon law. In *State v. Mejia*, 348 Or. 1, 12 (2010), the Oregon Supreme Court held the defendant's acts were sufficient to prove the defendant intended to interfere substantially with the victim's personal liberty, apart from the assaultive and menacing acts, and was thus guilty of kidnaping. The defendant pushed the victim from her open front door as she was leaving her home and moved her to a bedroom, a distance of approximately 34 feet, took away her cell phone when she tried to call for help, held his hand over her mouth to stifle her screams, pointed a gun at her and threatened to kill her, smashed a comforter into her face making it difficult to breathe, and repeatedly choked her, all during a 90-minute period. *Id.* at 3–5. In *Mejia*, the Oregon Supreme Court explained the *Wolleat* decision as follows:

> *Wolleat* and [State v. Zweigart, 344 Or. 619, 188 P.3d 242 (2008)] involved situations in which the actual physical movement of the victim was the only evidence available to prove whether the defendants intended to kidnap the victims by substantially interfering with their personal liberty. Those cases demonstrate

that, when the only evidence of a defendant's intent is physical movement of the victim, a reasonable juror may only infer intent to interfere substantially with a victim's freedom of movement if there is "evidence that the defendant moved the victim a substantial distance." *Zweigart*, 344 Or. at 636 (emphasis added).

*Mejia*, 348 Or. at 10.

The Oregon Court of Appeals came to the same conclusion and affirmed the kidnaping conviction in *State v. Nguyen*, 221 Or.App. 440, 190 P.3d 462 (Or.App. 2008), *modified on other grounds on reconsideration*, 228 Or.App. 241, 206 P.3d 1219 (Or.App. 2009). The defendant surprised the victim in her bedroom and held her at gunpoint, told her to be quiet, ordered her to move against the wall, ordered her to move about six feet to the bed, ordered her to lie face down, handcuffed her behind her back, gagged her mouth, moved her to the floor, bound her ankles, covered her head with a shirt, and left her in the bedroom while he searched the house for money. *Id.* at 442.

Here, it was apparent the state could offer evidence beyond merely moving the victim from one room to another. In addition to beating the victim with various objects and stabbing him in the chest with a knife, petitioner and another perpetrator gagged the victim with a sock and attempted to put duct tape around his head to keep the sock in place, attempted to duct tape the victim's legs together, and succeeded in duct taping his wrists together. Petitioner was on top of the victim holding him down while the victim was taped. When the victim tried to get up after Petitioner briefly left him unattended, Petitioner knocked the victim to the ground again. Petitioner also moved the victim at least some distance while he was duct taped, and even after Petitioner and the other perpetrator finished beating the victim, they left his wrists taped together.

12 - FINDINGS AND RECOMMENDATION -

Under these facts, the Oregon Supreme Court's decision in *Wolleat* fails to suggest Petitioner's actual innocence of his kidnaping convictions. Accordingly, his procedural defaults are not excused based upon a fundamental miscarriage of justice.

To the extent Petitioner wishes to raise Ground Nine as a freestanding claim of actual innocence, he cannot prevail on such a claim. Because Petitioner is not able to meet the *Schlup* gateway showing of actual innocence to excuse his procedural default, he is unable to meet the more demanding showing required to make a freestanding claim of actual innocence pursuant to *Herrera v. Collins*, 506 U.S. 390, 417 (1993). *See House v. Bell*, 547 U.S. 518, 555 (2006) (*Herrera* requires more convincing proof of innocence than *Schlup*).

### B.    Cause and Prejudice Under *Martinez v. Ryan*

Petitioner also argues his procedural default of the claim alleged in Ground Six(b), that trial counsel provided ineffective assistance by failing to ensure Petitioner's plea was knowing and intelligent by advising Petitioner the state had sufficient evidence to convict him of the kidnaping count, should be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

In *Martinez*, the Supreme Court held that ineffective assistance of counsel in an initial-review state collateral proceeding may provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim, provided that the defaulted claim is "substantial." 132 S.Ct. at 1318–20. Under *Martinez*, "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 863 (2013). For the

court to consider the underlying ineffective assistance of trial counsel claim to be substantial, the

petitioner "must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1813 (citing

*Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

Here, Petitioner has not established that the claim alleged in Ground Six(b) has "some

merit." As discussed above, the evidence before the trial court supported a finding that Petitioner

was guilty of kidnaping. As such, Petitioner cannot show that trial counsel performed deficiently

by advising Petitioner that the facts supported the first-degree kidnaping charge. Accordingly,

Petitioner's procedural default of the claim alleged in Ground Six(b) is not excused under *Martinez*.

## II.     Grounds for Relief Not Argued in Petitioner's Brief

As noted, Petitioner did not address the remaining grounds for relief in his Brief. Instead,

Petitioner "reserve[d] the right to brief these issues in detail and [sought] leave to do so if this Court

declines to grant relief on the claims addressed" in his Brief. Because Petitioner failed to sustain

his burden of demonstrating why he is entitled to relief on the claims not addressed in his Brief,

habeas corpus relief should be denied. *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)

(petitioner bears burden of proving he is entitled to habeas relief).

With respect to the claims alleged in Grounds One and Three, the Oregon courts' decisions

denying relief were neither contrary to or an unreasonable application of clearly established federal

law. Ground One, which alleges trial court error in imposing consecutive sentences where the facts

that formed the basis therefor were neither found by a jury beyond a reasonable doubt nor admitted

by Petitioner, fails in light of the Supreme Court's holding in *Oregon v. Ice*, 555 U.S. 160 (2009).

In Ground Three, Petitioner alleges trial counsel failed to challenge Petitioner's criminal

history score at the time of sentencing.  The PCR trial judge rejected this claim, finding "[p]etitioner received Measure 11 sentences," and, therefore, even if Petitioner's criminal history score was actually G, "petitioner's criminal history did not affect his sentences," Resp. Exh. 124, p. 5.  Accordingly, Petitioner cannot establish the prejudice required to succeed on an ineffective assistance of counsel claim and the PCR court's decision was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Strickland v. Washington,* 466 U.S. 668 (1984).

Finally, as to the remaining un-briefed claims for relief, as discussed above they are all procedurally defaulted and Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice excusing the procedural default.  Accordingly, Petitioner is not entitled to habeas corpus relief under § 2254.

## RECOMMENDATION

For these reasons, the Second Amended Petition for Writ of Habeas Corpus (#17) should be DENIED, and a judgment of DISMISSAL should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due December 11, 2013.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 26th day of November, 2013.

John V. Acosta
United States Magistrate Judge

\\orallocal\shares\Shares\Acosta\11-1176gettling1126f&r.wpd